UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP JONES,
        Petitioner,

v.                                               Criminal Case No:93-81138
                                                  Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a Request to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 requesting relief under *Dodd v. U.S.*, 125 S.Ct. 2478 (2005) [Dkt # 262] . For the reasons set forth below, Petitioner's request must be DENIED.

### I.

In February of 1995, Petitioner was convicted of conspiracy, drug and firearm charges. He was sentenced to concurrent ten year terms of imprisonment on each of the drug charges, a consecutive thirty year term on the firearms charge and eight years of supervised release. This sentence was affirmed on direct appeal. *United States v. Jones*, 102 F.3d 804, 810 (6th Cir. 1996). Following the Sixth Circuit's ruling on appeal, Petitioner has filed in excess of thirty motions, the majority of which have sought re-sentencing, a new trial, sentence modification or that his sentence be vacated, set aside, or otherwise corrected. All of Petitioner's motions have ultimately been unsuccessful and his original sentence still stands.

### II.

Based on Petitioner's numerous non-meritorious filings the Sixth Circuit issued an Order on October 22, 2002 prohibiting Petitioner from filing **"ANY"** document with the Sixth Circuit or the

district court challenging his conviction unless: 1) he has a claim that relies on a new rule of constitutional law made retroactive by the Supreme Court on collateral review; or 2) a factual predicate that could not have been previously discovered through due diligence which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty.

Petitioner's instant request to file a §2255 motion fails to meet either of the criteria set forth in the Sixth Circuit's Order. Petitioner has neither cited a relevant new rule of constitutional law that should be applied retroactively that would affect the outcome of his case, nor has he set forth a factual predicate which could not have been previously discovered through due diligence and which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty.

Petitioner merely cites to *Dodd v. U.S.*, 125 S. Ct. 2478 (2005) which holds that the one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court ran from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Id.* at 2483.

The *Dodd* case does not set forth a relevant new rule of constitutional law that would affect the outcome of Petitioner's case. In fact, *Dodd* does not assist Petitioner's position in any way. *Dodd* merely litigates a timing issue that does not expand the time frame in which a motion to vacate must be filed, in fact, it requires that such a motion be made within one year from the date on which the Court initially recognized the right asserted. Petitioner has failed to meet the minimal threshold requirements set forth by the Sixth Circuit Court of Appeals for allowing him to file a new motion under 28 U.S.C. §2255. For this reason, Petitioner's request must be DENIED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's request to file a 28 U.S.C. §2255 motion is hereby **DENIED**.

IT IS SO ORDERED.

DATED: February 22, 2006                             s/Anna Diggs Taylor
                                                                          ANNA DIGGS TAYLOR
                                                                          UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Memorandum Opinion and Order* was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (Phillip L. Jones, #18419-039, FCI Greenville, PO Box 5000 Greenville, IL 62246) disclosed on the Notice of Electronic Filing on **February 22, 2006**.

                                                                          s/Johnetta M. Curry-Williams
                                                                          Case Manager