UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP JONES,
        Petitioner,

v.                                              Criminal Case No:93-81138
                                                           Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

Petitioner has recently filed numerous motions for modification of his sentence under 18 U.S.C. 3582(c) based on Amendments 591 and 599 to the United States Sentencing Guidelines. Petitioner has also filed a Motion for Appointment of Counsel. Petitioner asserts his sentence was improperly enhanced by 300 months at sentencing based on facts not decided by the jury. Petitioner argues that the 360 months he was given for violation of 18 U.S.C. §924(c), Use and Carrying of Firearms During and in Relation to a Drug Trafficking Crime, was an illegal enhancement because the judge, not the jury, found that Petitioner's gun was a machine gun. For the reasons set forth below, Petitioner's motion must be DENIED.

**I.**

On November 24, 1993, Petitioner was charged in a five count indictment. Specifically, Petitioner was charged in Count One with conspiracy with intent to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. §846. In Count Two with use and carrying of a firearm during and in relation to a drug trafficking crime, aiding and abetting in violation of 18 U.S.C. §924(c) and 18 U.S.C. §2. In Count Three with distribution of cocaine base; aiding and abetting in violation of 21 U.S.C. §841(a)(1); 18 U.S.C. §2. In Count Four with attempt to possess with intent

to distribute cocaine; aiding and abetting in violation of 21 U.S.C. §841(a)(1); 18 U.S.C. §2. In Count Five with use and carrying of firearms during and in relation to a drug trafficking crime; aiding and abetting in violation of 21 U.S.C. §841(a)(1); 18 U.S.C. §2. Count Five of the original indictment alleged that Petitioner utilized four firearms, one .357 caliber handgun, one MAC-10 semi-automatic machine gun, one AK-47 semi-automatic assault rifle, and one fully automatic MAC-11 machine gun. At trial the Court, at the request of the government, submitted to the jury a revised indictment which separated the allegation in Count Five into an additional Count Six. Count Five instructed the jury as to the MAC-10 semi-automatic machine gun and the AK-47 semi-automatic rifle and Count Six instructed the jury as to the MAC-11 fully automatic machine gun. See February 1, 1995 Jury Charge TR. at 114-115. The jury was instructed on the definition of what constituted a "machine gun" in order to ensure that the jury made an independent finding that a "machine gun" and not just an ordinary firearm was involved in the offense. The jury returned a guilty verdict on Counts One, Three, Four, Five and Six. On May 25, 1995 this Court sentenced Petitioner to concurrent terms of 120 months each on Counts One, Three and Four and a consecutive term of 30 years on Count Five. This sentence was affirmed on direct appeal. *United States v. Jones*, 102 F.3d 804, 810 (6th Cir. 1996). Following the Sixth Circuit's ruling on appeal, Petitioner has filed myriad motions, the majority of which have sought re-sentencing, a new trial, sentence modification or that his sentence be vacated, set aside, or otherwise corrected. All of Petitioner's motions have ultimately been unsuccessful and his original sentence still stands.

## II.

As a preliminary matter, it is important to note that this court should not even reach the merits of Petitioner's instant motions. On October 22, 2002, the Sixth Circuit issued an Order

prohibiting Petitioner from filing **"ANY"** document with the Sixth Circuit or the district court challenging his conviction unless: 1) he has a claim that relies on a new rule of constitutional law made retroactive by the Supreme Court on collateral review; or 2) a factual predicate that could not have been previously discovered through due diligence which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty.

Petitioner has failed to state how his present motions satisfy the aforementioned criteria, and they do not. Petitioner has neither cited a relevant new rule of constitutional law that would affect the outcome of his case, nor has he set forth a factual predicate which could not have been previously discovered through due diligence and which would establish by clear and convincing evidence that no fact finder would have found Petitioner guilty. He has filed countless motions since his original conviction citing many of the arguments he currently presents. Petitioner makes the same arguments under the guise that these arguments are completely novel. They are not. However, this Court will address Petitioner's present arguments in a final effort to establish for Petitioner why his original sentence is correct and must stand.

### III.

*18 U.S.C. § 3582(c)*

Petitioner seeks relief under various provisions of 18 U.S.C. §3582(c). 18 U.S.C. §3582(c) allows a modification of an imposed term of imprisonment in a limited number of situations. The Court may modify a prisoner's sentence only in the following situations: (1) Upon motion of the Director of the Bureau of Prisons if it finds that extraordinary and compelling reasons warrant such a reduction or the defendant is at least 70 years old and has served at least 30 years in prison; or (2) The Court may modify where there is an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure and in the

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the sentencing commission. See 18 U.S.C. §3582(c).

Petitioner's motions attempt to invoke relief under both provisions. From the outset it is important to note that nothing in 18 U.S.C. §3582(c)(1)(A) would afford Petitioner relief as the Director of the Bureau of Prisons has not motioned for a reduction of the term of imprisonment. Therefore, Petitioner's request for relief under 18 U.S.C. §3582(c)(1)(A) is denied.

*(a) Amendment 599*

Petitioner also seeks relief under 18 U.S.C. §3582(c)(2). Petitioner argues that this court improperly "double counted" when this court sentenced Petitioner to 30 years on the machine gun charge instead of the 60 months he argues was the proper sentence. He contends that the separate 300 month sentence the court sentenced him to was in addition to the 60 months he received from the jury on the same charge. He argues that he is entitled to a 18 U.S.C. §3582(c)(2) reduction of his sentence pursuant to Amendment 599 to the Sentencing Guidelines. Petitioner is combining a number of arguments in an attempt to get a reduction of sentence which is not warranted. Petitioner has incorrectly interpreted Amendment 599 to the Sentencing Guidelines and his arguments must fail.

Petitioner was sentenced to a term of 120 months on a number of drug charges and a consecutive term of 30 years on his 924(c) firearm offense. Petitioner does not argue that the firearm offense *in toto* was improper, he contends that the jury did not find him guilty of possession of a machine gun. As will be discussed below, this "machine gun" finding was consistent with the jury's verdict and must stand.

Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the

4

guidelines.  See 18 U.S.C. §3582(c)(2); *United States v. Rodriguez-Diaz*, 19 F.3d 1340, 1341 (11th Cir. 1994).  Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under 3582(c) are listed at U.S.S.G. §1B1.10.  Amendment 599 provides for certain changes to the commentary to U.S.S.G. §2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §844(h), §924(c), or §929(a).  Amendment 599, in this instance, prohibits a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. §924(c).

Amendment 599 does not apply to Petitioner's case.  This court did not make an enhancement to the underlying drug offense for Petitioner's use of a firearm.  Rather, this court sentenced Jones to 30 years imprisonment, the minimum sentence permitted, pursuant to his conviction for violating 924(c).  In fact, the Presentence Report states as follows:

> Base Offense Level: The guideline for a violation of a 18 U.S.C. 924(c) offense is located in U.S.S.G 2K2.4, which indicates that the term of imprisonment **is that required by statute**.  Therefore, an offense level computation is not required.  As the defendant is convicted of an 18 U.S.C. 924(c) offense, specific offense characteristics for the possession, use, or discharge of a firearm ***is not to be applied in respect to the guideline for the underlying offense***.  U.S.S.G. 2K2.4, Application Note 2. See Presentence Report, p. 2, line 50.  (emphasis added)

It should be noted that a guideline score computation was only used to determine Petitioner's 21 U.S.C. §841 charge.  The original base offense level for that conviction remains the same today as it was at the time of Petitioner's sentencing.  His base offense level score was 32 based on the quantity of drugs convicted of and no enhancements were given.  That score would remain if Petitioner was resentenced today.

In sum, §2K2.4 was not invoked to enhance Jones' offense level.  Accordingly, because §2K2.4 was not applied to his sentence, Amendment 599 offers Petitioner no relief.

*(b) Amendment 591*

5

It should be noted that this court will not reach the merits of Petitioner's Amendment 591 argument for several reasons. Jones' 18 U.S.C. §924(c) conviction was not based on a guideline score computation. The guideline for a violation of 18 U.S.C. §924(c) offense is located in U.S.S.G §2K2.4, which indicates that the term of imprisonment is that required by statute. Therefore, an offense level computation is not required. Accordingly, this court could not have erred in the computation of the Base Offense Level or Total Offense Level when the punishment is one prescribed by statute. Therefore, Petitioner's Motion pursuant to Amendment 591 of the U.S.S.G. is denied.

## IV.

### *Improper Enhancement*

Petitioner also argues that the court improperly enhanced the sentence imposed in Count Five pursuant to 18 U.S.C. §924(c). Petitioner argues that the jury did not find him guilty of having a machine gun and that the judge improperly enhanced his sentence from 60 months to 360 months finding that the gun he possessed was a machine gun. Petitioner has correctly cited the relevant law. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court held that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the "statutory maximum" is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by defendant. *Blakely*, 542 U.S. at 303. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without finding any additional findings." *Id.* at 303-304. If the judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," (citation omitted) and the judge exceeds his proper authority. *Id;* See also *U.S. v. Booker*, 543 U.S. 220 (2005)(Sixth Amendment requirement that any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts

established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt was incompatible with Federal Sentencing Act).  Thus, §2K2.4 was not invoked to enhance Jones' offense level.  Accordingly, because §2K2.4 was not applied to his sentence, Amendment 599 offers Petitioner no relief.

While Petitioner seems to have a proper understanding of the law, his argument must fail. The court did not improperly enhance his sentence based on facts that weren't presented to the jury. In fact, after a thorough review of the record, it is clear that the jury was properly instructed regarding the firearms charges.  **Count Five** instructed the jury as to the MAC-10 semi-automatic **machine gun** and the AK-47 semi-automatic rifle and **Count Six** instructed the jury as to the MAC-11 **fully automatic machine gun**.  See February 1, 1995 Jury Charge TR. at 114-115.  The jury was then instructed on the definition of what constituted a "machine gun".  See February 1, 1995 Jury Charge TR. at 117.  The jury, having considered the evidence presented to them, returned a guilty verdict on both of Counts Five and Six.  See February 2, 1995 Jury Charge TR. at 9.  Following the statutorily prescribed sentences, Petitioner was properly sentenced by this court to a concurrent term of 30 years for possession of a machine gun during or in relation to a drug trafficking crime pursuant to 18 U.S.C. §924(c)(1)(B)(ii).  The minimum sentence required for violation of this subsection is "not less than 30 years."  This court properly imposed such a sentence based on the findings of the jury.  It should be noted that a guilty finding on either count by itself would mandate a statutory minimum sentence of 30 years because both counts required findings that Petitioner possessed a machine gun during the commission of a drug trafficking charge.  In the instant case, the jury found Jones guilty on both counts.  As such, Petitioner's motion based on an illegal sentence enhancement must be DENIED.

For the foregoing reasons,

7

IT IS ORDERED that Petitioner's motions filed between February 9, 2006 and March 31, 2006 [Doc. Nos. 263, 264, 266, 273 and 275] pursuant to 18 U.S.C. § 3582(c) regarding amendments 591 and 599 to the United States Sentencing Guidelines are hereby DENIED and DISMISSED.

IT IS ALSO ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. No. 269] is hereby DENIED.

IT IS FURTHER ORDERED that Petitioner adhere to the Sixth Circuit Court of Appeal's Order dated October 22, 2002 prohibiting "ANY" additional filings on this case unless certain criteria are met. Failure to adhere to such Order will invoke the imposition of sanctions in the future.

IT IS SO ORDERED.

DATED: May 2, 2006               s/Anna Diggs Taylor
                                 ANNA DIGGS TAYLOR
                                 UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Memorandum Opinion and Order* was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (Phillip Jones, #18419-039, FCI Greenville, P O Box 5000, Greenville, IL 62246) disclosed on the Notice of Electronic Filing on **May 2, 2006**.

                                 s/Johnetta M. Curry-Williams
                                 Case Manager